UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA TORRES, *individually and as the administrator of the Estate of Rosa Pena*; ESTATE OF ROSA PENA,

Plaintiff,

- against -

MONTEFIORE HOSPITAL, *et al.*,

Defendants.

24-CV-5770 (VSB)

**OPINION & ORDER**

Appearances:

Maria Torres
Bronx, NY
*Pro Se Plaintiff*

Matthew Etra Yoeli
Yoeli & Gottlieb & Etra LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Pro se Plaintiff Maria Torres, individually and on behalf of the estate of her mother ("Plaintiff"), Rosa Pena, brings this action against Montefiore Medical Center s/h/a Montefiore Hospital, Albert Einstein Hospital, (collectively, "Montefiore" or "Defendants"), and certain John Does. Before me is Montefiore's motion to dismiss. (Doc. 10.) Because Plaintiff fails to state a claim, Defendants' motion to dismiss is GRANTED, and the case is dismissed without prejudice.

## I. Factual Background[1] and Procedural History

Plaintiff initiated this action by filing a complaint on July 30, 2024. (*See* Compl.)[2] The Complaint alleges that Defendants violated "HIPPA [sic], Medicare, Civil Rights, [and] RICO." (*Id*. at 2.) Plaintiff also alleges a failure by Defendants to "provide full medical record[s]," and that Defendants were negligent, committed medical malpractice, discrimination, slander, defamation, failed to "advise [that] under Medicare [individuals] can appeal hospital discharge," and sent "patients to rehab/nursing by steering to a particular home/business." (*Id*. (cleaned up and emphasis omitted)). Plaintiff alleges that Defendants "provided a fake medical record," "marginalize communities/minorities," "do not advise you can appeal the discharge," "steer patients to a particular rehab – nursing home," and "provided two pints of blood which patient did not need causing detrimental effects . . . for the sole purpose to overbill and make more

---

[1] This factual background is derived from the allegations in Plaintiff's complaint. (Doc. 1 ("Complaint" or "Compl.").) I assume the allegations set forth in the Complaint to be true for purposes of Defendants' motion to dismiss for failure to state a claim. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my references to these allegations should not be construed as a finding as to their veracity, and I make no such findings in this Opinion & Order.

[2] I take judicial notice of the fact that Plaintiff has filed similar complaints in other actions commenced in this District. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A Court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)). Plaintiff filed a lawsuit against Mount Sinai on the same day that this Complaint was filed, which was initially dismissed for lack of subject matter jurisdiction, but then subsequently reopened after Plaintiff was granted leave to file an amended complaint. *See Torres v. Mount Sinai Hosp.*, No. 24-CV-05769, 2025 WL 663055, at *1 (S.D.N.Y. Feb. 28, 2025); *see also Torres v. Mount Sinai Hosp.*, No. 24-CV-05769, Doc. 34 (S.D.N.Y. Dec. 19, 2025). The initial complaint in that case raises similar allegations to this Complaint. *See id.*, Doc. 1 (S.D.N.Y. July 30, 2024) (alleging that the following rights were violated: "HIPAA, Medicare, Civil Rights, RICO, Failure to Provide Full Medical records – Fake medical records, Negligence, Medical Malpractice, Discrimination, Slander, Defamation"). A month prior to filing the complaints against Mount Sinai and Montefiore, Plaintiff also filed a complaint against New York University Hospital Langone alleging similar claims. *See Torres et al v. New York Univ. Hosp. Langone et al.*, No. 24-CV-04479, Doc. 1 (S.D.N.Y. June 11, 2024) (alleging that the following rights were violated: "HIPAA, Medicare, Civil Rights, RICO, HIPPA Violation, Failure to Provide Full Medical Record, Fake Medical Record, Civil Rights, RICO, Negligence Malpractice, Discrimination, Slander, Defamation"). This case is pending. Three years prior to the filing of the complaint against New York University Hospital Langone, Plaintiff filed an earlier complaint against New York University Hospital alleging similar claims on behalf of her mother. *See Torres et al v. New York Univ. Hosp.*, No. 21-CV-7228, Doc. 1 (S.D.N.Y. Aug. 27, 2021) (alleging that the following rights were violated: "EMTALA statute, discrimination, Retaliation, Civil Rights violation against Elderly Hispanic Femal[e]"). This case was dismissed. Plaintiff moved for reconsideration, which was denied because Plaintiff had failed to serve Defendant. *See id.*, Doc. 8 (S.D.N.Y. Sept. 1, 2021).

money at the medical expense of patients." (*Id*. at 5.) Plaintiff alleges that her mother "was given two (2) pints of blood which she did not need," without her consent, and the "blood caused volume overload." (*Id*. at 6.) Plaintiff contends that the practice of giving unnecessary blood causes "fluid overload," which results in negative effects on the "lungs, kidneys, [and] and heart," but that Defendants have continued to do so and should be enjoined. (*Id*.) Plaintiff also seeks punitive damages and "what the Court believe[s] is just." (*Id*.)

On September 13, 2024, Montefiore moved to dismiss the Complaint. (Doc. 10.) On September 27, 2024, Plaintiff requested an extension of time to oppose the motion to dismiss, (Doc. 11), which I granted on October 2, 2024, (Doc. 12). On October 18, 2024, Plaintiff filed another extension request, (Doc. 13), which I granted on October 23, 2024, (Doc. 14). On November 27, 2024, Plaintiff filed a third extension request, which was nine pages long and contained legal arguments regarding the motion to dismiss and Plaintiff's allegations generally.[3] (Doc. 15.) On December 5, 2024, I issued a short order directing Plaintiff to file an opposition to Defendants' motion to dismiss no later than December 13, 2024 and declared that "[p]ursuant to my discretionary docket-management authority under 28 U.S.C. § 1651, I will not consider any further extension requests." (Doc. 16.) Plaintiff did not file an opposition to Montefiore's motion to dismiss by December 13, 2024, or any time thereafter.

On June 16, 2026, following a letter filed by the Defendants requesting that I grant its unopposed motion, (Doc. 17), I issued a memo endorsement stating that "[b]riefing on Defendant's Motion to Dismiss is complete and a decision on the Motion to Dismiss will issue in

---

[3] Given the Plaintiff's pro se status, I also consider the documents filed at Doc. 15 and Doc. 19 as a supplement to the Complaint. *See Rodriguez v. Rodriguez*, No. 10-CV-00891, 2013 WL 4779639, at *1 (S.D.N.Y. July 8, 2013) ("Although the Court is typically confined to "the allegations contained within the four corners of the complaint, when analyzing the sufficiency of a pro se pleading, a court may consider factual allegations contained in a pro se litigant's opposition papers and other court filings.") (citation and internal quotation marks omitted). These documents do not save Plaintiff's Complaint from the deficiencies identified in this Opinion & Order.

due course," (Doc. 18). Approximately one month later, on July 21, 2026, Plaintiff filed a nine-page letter—which, similar to Plaintiff's November 27, 2024 letter, contained legal arguments regarding the motion to dismiss and Plaintiff's allegations generally—stating that "there have been extreme exigent circumstances – unanticipated litigation that have impeded this case" and that Defendants are "incorrect" "that Plaintiff did not oppose their Motion to Dismiss." (Doc. 19 at 1.) Plaintiff further provided that "[d]ue to time constrains [sic], so that this Honorable Court will not dismiss this case, she submits this letter and will submit a legal memo within two days" and noted that she "seeks to go forward with this case." (*Id.*) On July 23, 2026, I denied Plaintiff's request to submit a belated opposition because I previously granted Plaintiff's three extension requests and Plaintiff's letter did not present good cause to excuse her noncompliance with my December 5, 2024 order, especially because the Defendants' motion to dismiss had been pending for over twenty-two months. (Doc. 20.) My denial also specifically noted that "[a]ny memorandum of law in opposition to Defendants' motion to dismiss filed without approval will be untimely and not considered." (*Id.*) Thus, Montefiore's motion to dismiss is considered unopposed.

## II. <u>Legal Standards</u>

### A. *Federal Rule of Civil Procedure 12(b)(1)*

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010). Although a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable

inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks omitted and alterations adopted).[4]

"Subject matter jurisdiction is a threshold issue and, thus, when a party moves to dismiss under Rule 12(b)(1) and 12(b)(6), the court must address the 12(b)(1) motion first." *Coniglio v. Garland*, 556 F. Supp. 3d 187, 194 (E.D.N.Y. 2021) (internal quotation marks omitted and alterations adopted); *see also Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." (internal quotation marks omitted)). Further, a court may dismiss an action sua sponte for lack of subject-matter jurisdiction. *Oscar Gruss & Son., Inc. v. Hollander*, 337 F. 3d 186, 193 (2d Cir. 2003); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. *Federal Rule of Civil Procedure 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[4] I note that the Second Circuit has also stated that to survive a Rule 12(b)(1) motion to dismiss, "[plaintiff] must allege facts that affirmatively and plausibly suggest that it has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). I conclude that Plaintiff fails to satisfy subject matter jurisdiction under either a preponderance standard or a plausibility standard.

*Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the Plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should

be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. New York Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted and alterations adopted).

Even if a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is unopposed, a "court is capable of determining [the sufficiency of a complaint] based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Id.* at 323. I therefore consider Defendants' motion to dismiss for failure to state a claim.

## III. Discussion

### A. *Maria Torres Representing Her Mother's Estate*

"By statute, the parties to a federal action may proceed only 'personally' (*i.e.*, *pro se*) or through qualified counsel." *Simmons v. Inc. Vill. of Rockville Ctr.*, No. 24-2021, 2025 WL 2965799, at *1 (2d Cir. Oct. 21, 2025) (summary order) (citing 28 U.S.C. § 1654). Maria Torres brings this action individually "and as the administrator of the Estate of Rosa Pena." (*See* Compl. 1.) However, "[t]he administrator or executor of an estate . . . may proceed *pro se* on the estate's behalf only when the estate has no beneficiaries other than the administrator, and no creditors." *Simmons*, 2025 WL 2965799, at *1. That is because an "appearance pro se denotes . . . appearance for one's self," and "when an estate has beneficiaries or creditors or creditors other

than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings." *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (internal quotation marks omitted). "But where the estate has no other beneficiaries or creditors, then the administrator and sole beneficiary may appear *pro se* on behalf of the estate because the administrator is the only party affected by the disposition of the suit." *Spanierman v. 4 Park Ave. Assocs., LLC*, No. 20-CV-4372, 2020 WL 4547616, at *2 (S.D.N.Y. Aug. 4, 2020) (internal quotations omitted and alterations adopted).

Because Plaintiff failed to allege whether there are other beneficiaries or creditors associated with Rosa Pena's estate, she may not file this action pro se on the estate's behalf. Accordingly, to the extent that Maria Torres asserts claims on behalf of the Estate of Rosa Pena, such claims are DISMISSED.

### B. *Subject Matter Jurisdiction*

Next, I consider the threshold issue of whether I have subject matter jurisdiction over the claims alleged in the Complaint. *See Morrison*, 547 F.3d at 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it") (internal quotation marks omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Article III of the Constitution defines the maximum scope of federal subject-matter jurisdiction, and "Congress determines, through [statutory] grants of jurisdiction, which suits [federal] courts can resolve." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). The general bases of federal subject matter jurisdiction are 28 U.S.C. § 1331, which

empowers "federal courts to resolve cases 'arising under' federal law," and 28 U.S.C. § 1332(a), which "give[s] federal courts power to decide 'diversity' cases, between 'citizens of different States' whose dispute involves more than a stated sum (the so-called amount-in-controversy)."[5] *Royal Canin*, 604 U.S. at 26 (first quoting § 1331, then quoting § 1332(a)). I have "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavit*t, 465 F.3d 87, 89 (2d Cir. 2006).

"Despite the lenient standards with which courts review *pro se* complaints, *pro se* plaintiffs must establish subject matter jurisdiction." *Smith v. Sch. of Visual Arts*, No. 15-CV-8049, 2016 WL 3440553, at *2 (S.D.N.Y. June 9, 2016) (internal quotation marks omitted); *see also Torres v. Mount Sinai Hosp.*, No. 24-CV-05769, 2025 WL 663055, at *1 (S.D.N.Y. Feb. 28, 2025) (dismissing this Plaintiff's initial complaint against Mount Sinai for lack of subject matter jurisdiction over Plaintiff's state negligence and medical malpractice claims where the parties are citizens of the same state). Here, even construed liberally, Plaintiff fails to plead either federal question jurisdiction or diversity jurisdiction.

The Complaint asserts that I have subject matter jurisdiction to hear this matter pursuant to federal question jurisdiction because the following statutes have been violated: "HIPPA [sic],[6] Medicare, Civil Rights, [and] RICO, failure to provide full medical record, negligence, medical malpractice, discrimination, slander, defamation, failure to advise under Medicare can appeal hospital discharge, sending patients to rehab/nursing by steering to a particular home/business." (Compl. 2 (cleaned up and emphasis omitted).) However, the Complaint does not assert any

---

[5] Plaintiff does not allege, nor do I have, jurisdiction over the Complaint on the basis of diversity of citizenship because Plaintiff pleads that she and Defendant are citizens of the same state, New York. (Compl. 3–4.)

[6] "[T]here is no private cause of action under HIPAA, express or implied." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (collecting cases). Rather, HIPAA provides solely for "penalties to be imposed by the Secretary of the Department of Health and Human Services." *Id.* Thus, even assuming, *arguendo*, that Defendants violated HIPAA, Plaintiff's claim under HIPAA must be dismissed.

facts relating to the causes of action under the referenced federal laws and Plaintiff states that "[t]his is a negligence malpractice case." (*Id*. at 5).

Here, there is no "federal question" jurisdiction for Plaintiff's medical malpractice, negligence, slander, or defamation claims. Each of these claims are state law causes of action. *See Piovanetti-Mickersen v. Nikonoff*, No. 11-CV-5006, 2011 WL 5400157, at *2 (E.D.N.Y. Nov. 4, 2011) ("Medical malpractice and negligence actions are ordinarily state law claims that would not come within the jurisdiction of the federal courts."); *H.B. v. Brookdale Hosp.*, No. 22-CV-5136, 2022 WL 17539117, at *1 (E.D.N.Y. Dec. 8, 2022) ("[T]here is no federal question jurisdiction because claims for negligence and medical malpractice arise under state law, not federal law, and a federal court generally will not have original jurisdiction over the claims unless complete diversity exists." (internal quotation marks omitted)); *Cora v. Lebron*, No. 24-CV-327, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024) ("Nor does the plaintiff's slander claim provide a basis for federal question jurisdiction. Slander is a claim under state law that cannot be recharacterized as a violation of the Constitution or federal laws."); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." (citing *Lauro v. Charles*, 219 F.3d 202, 207 (2d Cir. 2000)).

Other than including the abbreviation for the Racketeer Influenced and Corrupt Organization Act ("RICO"), the Complaint does not specifically mention any Constitutional or federal statutory provisions. Nonetheless, I liberally construe Plaintiff's remaining claims as being a civil rights claim under 42 U.S.C. § 1983,[7] a discrimination claim under Title VI of the

---

[7] The Complaint does not mention 42 U.S.C. § 1983, but I liberally construe Plaintiff's pleading of a violation of "civil rights," (Compl. 2), as attempting to allege a civil rights violation under 42 U.S.C. § 1983.

Civil Rights Act, 42 U.S.C. § 2000d, or 42 U.S.C. § 1981,[8] and a claim pursuant to RICO and will examine whether Plaintiff states a federal claim under these statutes.

### C. *Failure to State a Claim*

#### 1. Section 1983

First, Plaintiff's § 1983 claim against Montefiore must be dismissed for failure to state a claim because the Defendants are private entities. *See Walston v. City of New York*, No. 22-CV-10002, 2024 WL 1376905, at *4 (S.D.N.Y. Mar. 7, 2024), *report and recommendation adopted*, 2024 WL 1374837 (S.D.N.Y. Apr. 1, 2024) ("[P]rivate hospitals, like Defendant Montefiore, are regulated by the state and required to obey state laws, [and] they are generally not proper § 1983 defendants as they usually do not act under color of state law." (internal quotation marks omitted)). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. "Private parties therefore generally are not liable under the statute." *Simpara v. NY DA (Dist. Att'y)*, No. 24-CV-8095, 2025 WL 2410556, at *4 (S.D.N.Y. Aug. 20, 2025) (dismissing 1983 claim against Mount Sinai and Montefiore Hospital because they "are private entities and cannot be held liable under Section 1983"). Plaintiff does not allege any state action on the part of Montefiore. Thus, Plaintiff's § 1983 claim against Montefiore is dismissed.

#### 2. Discrimination Claims

Whether construed as a discrimination claim under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, or under 42 U.S.C. § 1981, Plaintiff's discrimination claims must be dismissed because Plaintiff's vague allegations are insufficient to plausibly allege an inference that

---

[8] The Complaint does not mention 42 U.S.C. § 2000d or 42 U.S.C. § 1981, but I liberally construe Plaintiff's pleading of "discrimination" and that there are "ongoing" "issues . . . that effect [sic] all patients including groups from marginalized communities/minorities," (Compl. 5), as attempting to allege a discrimination claim under Title VI or Section 1981.

Defendants acted with discriminatory animus. At the outset, Plaintiff does not assert that Defendants received "federal financial assistance" within the meaning of Title VI. *See* 42 U.S.C. § 2000d; *see also Wimberly v. Stern*, No. 22-CV-7581, 2023 WL 6466465, at *9 (S.D.N.Y. Oct. 4, 2023*), appeal dismissed*, No. 23-7702, 2024 WL 4763228 (2d Cir. Apr. 19, 2024), *and reconsideration denied*, 2025 WL 2636156 (S.D.N.Y. Sept. 12, 2025) ("Plaintiff [] cannot state a claim under Title VI against [defendants] because Plaintiff does not assert that these [defendants] receive federal funds, and in order to establish a viable claim under Title VI, the defendant must be a recipient of federal funding." (internal quotation marks omitted and alterations adopted)). Further, although the Complaint alleges that "[t]here are issues that are ongoing that effect [sic] all patients including groups from marginalized communities/minorities," (Compl. 5), this vague allegation does not raise a plausible inference of discriminatory intent or that Defendants' actions were motivated by discriminatory animus. *See Walker v. City of New York*, No. 10-CV-5939, 2011 WL 13550628, at *8 (S.D.N.Y. Sept. 20, 2011) ("Plaintiff's section 1981 claims are dismissed for substantially the same reasons as his Title VII claims. In order to state a claim of discrimination under section 1981, a plaintiff must plausibly allege that defendants intended to discriminate on the basis of race."); *Frederick v. Wells Fargo Home Mortg*., No. 13-CV-7364, 2015 WL 1506394, at *4 (E.D.N.Y. Mar. 30, 2015), *aff'd*, 649 F. App'x 29 (2d Cir. 2016) (summary order) ("Plaintiffs fail to allege any facts adequate to show or raise a plausible inference of discriminatory intent on the part of Defendants or of a conspiracy in violation of 42 U.S.C. §§ 1981, 1982, 1985, and 1986. . . . Plaintiffs' failure to plead adequately that Defendants were motivated by a discriminatory animus is similarly fatal to their Title VI claim."). In fact, the Complaint does not even allege who was discriminated against because Plaintiff merely pleads that "all patients" are affected, "including groups from marginalized

communities/minorities," (Compl. 5) without asserting that Plaintiff was one of the people who were discriminated against, and if so, by whom at Montefiore, and on what basis. Plaintiff alleges that Defendants "steer patients to a particular rehab – nursing home" and "continue to administer extra fluid in large bags." (Compl. 5–6.) This is plainly insufficient to allege discriminatory conduct.

**3. RICO**

Plaintiff's RICO claim likewise fails. RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). "To state a claim under RICO's civil provision, 18 U.S.C. § 1962(c), a plaintiff must allege (1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains [an] interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce." *Liang v. Home Reno Concepts, LLC*, 803 F. App'x 444, 447 (2d Cir. 2020) (summary order) (alteration in original and internal quotation marks omitted). In addition, "[a] plaintiff bringing a civil RICO claim must allege an injury to his business or property; he cannot, for example, recover for personal injuries." *Bascuñán v. Elsaca*, 874 F.3d 806, 817 (2d Cir. 2017) (internal quotation marks omitted). Because Plaintiff does not allege any of the elements of a RICO claim or an injury to a business or property, the RICO claim is dismissed.

**D. State Law Claims**

As discussed above, Plaintiff alleges various state law claims against Defendants, including negligence, medical malpractice, discrimination, slander, and defamation, *see supra* at Part III.B. (Compl. 2, 5.) Supplemental jurisdiction exists over state law claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the

same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, federal courts may assert supplemental jurisdiction over claims that "derive from a common nucleus of operative fact." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (internal quotation marks omitted).

Because I have dismissed Plaintiff's federal claims, I must now decide whether to exercise supplemental jurisdiction over her state law claims.[9] A district court "may decline to exercise supplemental jurisdiction over [a pendent state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although this is not "a mandatory rule to be applied inflexibly in all cases, . . . in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also In re Merrill Lynch Ltd. P'ship Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (per curiam) (concluding that district court properly declined to exercise supplemental jurisdiction over state law claims when all federal claims had been dismissed); *Ferrara v. Metro. Transp. Auth.*, No. 24-CV-9161, 2026 WL 351084, at *7 (S.D.N.Y. Feb. 9, 2026) (declining to exercise supplemental jurisdiction over state law claims after federal discrimination and retaliation claims under the Americans with Disabilities Act and Rehabilitation Act were dismissed).

[9] District courts have the authority to sua sponte raise the issue of whether to retain diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between inter alia citizens of different states. *See, e.g.*, *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 415 (S.D.N.Y. 2010); 28 U.S.C. § 1332. Plaintiff does not appear to seek any monetary relief, is a citizen of New York, and alleges that Defendant is incorporated in New York with its principal place of business also in New York. (Compl. 2–3, 6.) Thus, it is not evident on the face of the Complaint that there is complete diversity of citizenship or that the amount in controversy exceeds $75,000, and so I cannot retain this case on the basis of diversity jurisdiction. *See Brennen v. Griffin*, No. 25-CV-3464, 2025 WL 3459373, at *3 (S.D.N.Y. Nov. 26, 2025).

I see no reason to depart from this principle. Accordingly, I decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice to refiling in state court.

### IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss is GRANTED. In light of Plaintiff's pro se status, Plaintiff shall file an amended complaint addressing the legal deficiencies identified in this Opinion & Order no later than October 14, 2026. Failure to do so may result in dismissal of this action with prejudice.

The Clerk of Court is respectfully directed to terminate Document 10.

SO ORDERED.

Dated: September 23, 2026
New York, New York



Vernon S. Broderick
United States District Judge